898 F.2d 148
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Michael CHAMBERS, Defendant-Appellee.
 No. 88-5653.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 9, 1989.
Decided: March 5, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CR-88-67-N)
 William Graham Otis, Assistant United States Attorney, Alexandria, Va., for appellant.
 James O. Broccoletti, Zoby & Broccoletti, Norfolk, Va., for appellee. On Brief: Henry E. Hudson, United States Attorney; Robert B. Rae, Special Assistant United States Attorney, Alexandria, Va., for appellant.
 E.D.Va.
 VACATED AND REMANDED.
 Before WIDENER, Circuit Judge, JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation, and WALTER E. HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The government appeals from a district court order which refused to sentence under the Federal Sentencing Guidelines on the ground that the Guidelines were unconstitutional. The district court acted prior to the Supreme Court's decision in Mistretta v. United States, 57 U.S.L.W. 4102 (January 18, 1989), in which the Court upheld the Guidelines against a similar constitutional attack. The parties now agree that, based on Mistretta, the sentence in this case must be vacated and the case remanded for sentencing under the Guidelines.
 
 
 2
 The government further requests, however, that in remanding this case we instruct the district court to enter an award of restitution. The government contends that, under the Guidelines, restitution is mandatory for Chambers' offense, and a failure to order restitution would be an improper departure from Guidelines sentencing.
 
 
 3
 The appellee, Michael P. Chambers, pleaded guilty to six counts of voluntary manslaughter, in violation of 18 U.S.C. Sec. 1112, stemming from an April 30, 1988, automobile accident on the Guantanamo Naval Base in Cuba. Chambers is a Jamaican citizen who, at the time of the accident, was employed as a civilian clerk by the Supply Department, Fuels Division on the Naval Base.
 
 
 4
 The accident occurred after a patrolman observed Chambers driving his car at 40 miles per hour in a 25 mile per hour zone and attempted to pull Chambers over. The base security forces followed Chambers for approximately two miles, during which time he failed to stop at two stop signs and a red traffic light. Various witnesses have estimated that Chambers' car was traveling at a speed of between 100 and 110 miles per hour.
 
 
 5
 Chambers was apprehended when his vehicle collided with a Navy Exchange van carrying nine off-duty servicemen and its civilian driver. The van became airborne and was engulfed in flames. Five servicemen and the driver died as a result of burns and injuries received in the collision.
 
 
 6
 The defendant received only minor injuries in the accident. His blood alcohol level was later tested and found to be .218. Chambers was driving his car despite the fact that his license had been suspended for driving under the influence of alcohol in 1986. Chambers was arrested and brought to the Eastern District of Virginia for prosecution.
 
 
 7
 The district court refused to sentence Chambers under the Federal Sentencing Guidelines. Instead, it sentenced Chambers to serve two years' imprisonment and to pay a $50 assessment on each of the six counts; the prison sentences were to run consecutively for a total of twelve years' imprisonment and a $300 special assessment.
 
 
 8
 The district court continued, however, and stated that if it were to sentence Chambers under the Guidelines, it would depart from the Guidelines' sentence, based on the multiple deaths and injuries resulting from Chambers' criminal behavior under Secs. 5K2.1 and 5K2.2 of the Guidelines. The court stated that, under the Guidelines, it would have imposed a sentence of 20 months' imprisonment with one year's supervised release and a $50 assessment on each count, for a total of ten years' imprisonment with six years' supervised release and a $300 assessment.
 
 
 9
 The court declined the government's request to order restitution for the victims of the crash and their families. The court stated that:
 
 
 10
 the nature of the claims of the dependents and statutory beneficiaries for damages and the nature of the claims of those injured were so varied that the fashioning of a restitution order would be so complicated and would so prolong the sentencing process as to make such restitution order a practical impossibility.
 
 
 11
 The government asks that we instruct the district court to enter an order of restitution under Guideline Sec. 5E4.1. This section states:
 
 
 12
 (a) Restitution shall be ordered for convictions under Title 18 of the United States Code or under 49 U.S.C. Sec. 1472(h), (i), (j) or (n) in accordance with 18 U.S.C. Sec. 3663(d), and may be ordered as a condition of probation or supervised release in any other case.
 
 
 13
 The government contends that an order of restitution is mandatory under this section for all convictions under Title 18. It would construe "may" in Sec. 3663(a) as mandatory language so that a failure to require restitution is an improper departure from the Guidelines.
 
 
 14
 The problem with deciding on remand whether or not restitution should be ordered is that there is no case or controversy under the facts of the case as they now appear. When the district court declined to order restitution, it was of the announced opinion that the Guidelines were invalid. Certain of the Guidelines, however, refer to the very subject at hand in 18 U.S.C. Sec. 3663. So there has been no action taken by the district court under Sec. 3663 and the sentencing Guidelines, considering that the sentencing Guidelines are valid. Thus, the request in this case that we express an opinion upon the validity of the district court's order denying restitution is premature.
 
 
 15
 As we have noted earlier, the district court indicated the sentence it would impose without regard to restitution if the Guidelines were valid. That sentence has not been imposed, however, and we express no opinion upon its correctness.
 
 
 16
 The order of the district court sentencing the defendant and the order of the district court declining to order restitution are each vacated, and the case is remanded for imposition of sentence under the sentencing Guidelines and for determination of whether or not to award restitution considering that the sentencing Guidelines are valid.
 
 
 17
 We express no opinion on any sentence the district court may later impose. Neither do we express any opinion with respect to whether or not restitution is required.
 
 
 18
 VACATED AND REMANDED WITH INSTRUCTIONS.